IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Respondent,                Cr. No. S-10-0055 KJM

    vs.

JOSE SERRANO-VILLALOBOS,

                Movant.                    ORDER

_____/

I. BACKGROUND

        On October 10, 2013, movant Jose Serrano-Villalobos filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On November 5, 2013, the court denied it without prejudice because of the pendency of movant's appeal. ECF No. 129.

        On December 18, 2013, the Ninth Circuit affirmed the judgment. ECF No. 135.

        On December 30, 2013, movant filed a second motion to vacate his sentence. He raises four grounds. In the first, he contends appointed counsel's consultation with him was not adequate. He says he is illiterate in English, communicates for the most part in Spanish, has the equivalent of less than a grade school education, and does not "understand or function well in non-Hispanic society." ECF No. 137 at 15. During the plea colloquy, however, movant told the court he was able to understand the court's questions without the interpreter except

1

when the talk was about numbers or laws. 8/22/12 RT, ECF No. 112 at 21:15-18. Nevertheless, in this motion he alleges that because of his inability to function in non-Hispanic society, he depended on counsel "to identify and vocalize all questions my counsel thought I should be asking." ECF No. 137 at 15. He complains that counsel undertook no meaningful negotiation for a plea agreement and did not discuss with him the sentencing guidelines or the possibility of a downward departure. *Id*.

In his second ground for relief, movant again complains that counsel did not engage in adequate consultation about a plea agreement and says he believes there may have been violations of Rules 11, 16 and 32 of the Federal Rules of Criminal Procedure, as well as possible fraud on the court, among other things. *Id*. at 17-18.

Movant's third ground raises another claim of ineffective assistance of counsel, this time alleging that he was not made aware of investigation or discovery and was involved in no meaningful discussion of the strengths and weaknesses of his case or of relevant factors. *Id*. at 19. During the plea colloquy, however, movant said he had a chance to review the indictment, any defenses and his case in general with counsel, and was satisfied with counsel's representation. ECF No. 112 at 24: 13-23. Movant also contends he was not made aware of the effectiveness and experience of the Assistant United States Attorney handling the government's case or of "the facts and intangibles" associated with the judge assigned to the case. ECF No. 137 at 19.

In his fourth ground he alleges he did not discuss the presentence report with counsel, does not know if counsel talked to the probation officer who prepared the report and is unaware if counsel provided the necessary background information to the probation officer. *Id*. at 22. He also suggests that counsel did not supply information to allow the probation officer to verify details about movant's background. *Id*. In the body of the motion, movant claims he did not know what was in the presentence report, *id*. at 22, but in his declaration he says he was able to read the report and asked counsel to correct the factual errors in it. *Id*. at 28.

/////

/////

## II. ANALYSIS

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, this court is required to conduct a preliminary review of a motion to vacate a sentence and may dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief . . . ." A court may dismiss a motion supported only by vague and conclusory allegations. *United States v. Shah*, 878 F.2d 1156, 1161 (9th Cir. 1989).

Many of movant's claims cannot survive this initial screening, particularly his speculation that there "may have been" violations of the Rules of Criminal Procedure and fraud on the court. Moreover, some of the claims in the body of the motion are contradicted by his affidavit and by the record in this case: movant alleges, for example, that counsel did not engage in plea negotiations, ECF No. 137 at 15, but the record shows counsel and the government had reached an agreement and sought time to discuss the proposed agreement with movant. But movant then entered an open plea, on his own initiative, without waiting for any discussion of the plea agreement. Reporter's Transcript of 8/22/12, ECF No. 112 at 8-9. Movant also represented to the court he had conferred with counsel about the plea. *Id*. at 17.

The federal law on claims of attorney ineffectiveness is clear: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

*Strickland's* two-part test applies to challenges to attorney competence during the plea process: the first prong is "nothing more than a restatement of the standard of attorney competence already set forth" while "the second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). Thus, in order to show prejudice in the context of the plea process a defendant must show that had counsel properly advised him, he would have insisted on going to trial. *Id*. at 59; *see also United States v. Baramdyka*, 95 F.3d

3

840, 855 (9th Cir. 1996).  When a movant alleges that deficiencies in counsel's investigations led him to plead guilty, "the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  *Hill*, 474 U.S. at 59.  To raise such a claim, a movant must describe what the additional investigation would have disclosed.  *Weaver v. Palmateer*, 455 F.3d 958, 971 (9th Cir. 2006) ("[W]here a petitioner cannot even make an unsubstantiated suggestion as to what the results of further testing would have been, there is no basis on which a reviewing court can find prejudice.").  Similarly, when a movant claims that counsel failed adequately to explain the sentencing guidelines in the context of a plea, he must show the outcome of the proceedings would have been different had he received proper advice.  *United States v. McCoy*, 215 F.3d 102, 108 (D.C. Cir. 2000) (stating that counsel must have familiarity with the Sentencing Guidelines and finding movant had shown prejudice by demonstrating he would not have pleaded guilty had counsel advised him of the impact of the career offender guidelines on his sentence).

A criminal defendant is also entitled to the effective assistance of counsel during the sentencing process.  Counsel's failure to challenge inaccuracies in the presentence report may give rise to a claim of ineffective assistance of counsel, but to make such a claim a defendant must show that the report contained materially false or inaccurate information and that it is reasonably plausible the sentencing court relied on the information.  *United States v. Jones*, 783 F.2d 1477, 1482 (9th Cir. 1986); *United States v. Alvarez-Rodriguez*, Crim. Case No. 10cr4514 WQH, 2013 WL 6055337, at *3 (S.D. Cal. Nov. 13, 2013).

Movant's often vague, frequently unsubstantiated, and sometimes contradicted claims cannot support his claims for relief.  For example, he alleges counsel did not discuss any investigations with him, but does not suggest what any investigation would have disclosed or how the results would have impacted his decision to plead guilty.  He claims that various rules may have been violated, but provides nothing but a list and his speculation. He says that counsel did not challenge factual inaccuracies in the presentence report, but does not explain the nature of those inaccuracies and how they figured into his sentence.  As in another case

1  from this district, "Petitioner's claim appears only to allege that, if [his] attorney had worked
2  harder, he would have found some way of arguing successfully for a reduction in [his]
3  sentence.  This is pure speculation and not a proper basis for . . . relief." *Ruiz v. United States*,
4  Nos. CV F 05-0071 AWI, CR F 02-5101 AWI, 2007 WL 2070339, at *3 (E.D. Cal. Jul. 13,
5  2007).

      Moreover, some of movant's claims make little sense.  He provides no support for his claim that to be effective, counsel had to be a mind-reader; nor does movant explain how his alleged inability to function in non-Hispanic society influenced his decisions in this case, or how counsel's failure to provide information about the judge or the prosecutor meant anything to the ultimate outcome of the case.

      Given the vagueness and inconsistency of the current petition, the court will give movant leave to file an amended motion if he is able.  Any amended motion must be limited to five pages in addition to the § 2255 form, due within thirty days of the date of this order.  The Clerk of Court is directed to serve on movant a copy of the court's form for use in filing motions based on § 2255.

      IT IS SO ORDERED.

DATED:  May 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

5