UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-00055-KJM |
| Plaintiff, | |
| v. | ORDER |
| JOSE ANTONIO SERRANO-VILLALOBOS, | |
| Defendant. | |

On December 30, 2013, pro se defendant Jose Antonio Serrano-Villalobos filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 137. On May 12, 2014, the court granted him leave to file an amended motion within thirty days. Order May 12, 2014, ECF No. 160. He did not file an amended motion, and on July 22, 2014, the court dismissed the motion to set aside his sentence. Order July 22, 2014, ECF No. 170. On December 25, 2014, the defendant filed a "Motion to Correct Oversight/Omission," citing Federal Rule of Civil Procedure 60(a). Mot. 1, ECF No. 193. On December 19, 2014, the court issued a minute order requiring the government file an opposition or statement of non-opposition to the defendant's motion. ECF No. 194. The government has not filed a response.

The Federal Rules of Civil Procedure do not apply to this, a criminal, case. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the

1

United States district courts . . . ."). The court therefore cannot grant the defendant relief under Federal Rule of Civil Procedure 60. Nevertheless, because the defendant's motion rests on his understanding this court made a "mistake" when it "omitted the words 'Consecutive 30 months,'" Mot. 2, ECF No. 193, and his belief the court made an "oversight and omission," *id.* at 3, the court construes the motion as a request under Federal Rules of Criminal Procedure 35 or 36. Rule 35 provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 35 is generally the only vehicle available for resentencing, unless the case is on remand from the Court of Appeals." *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002). "Rule 36 is a vehicle for correcting clerical mistakes, but it may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003).

Here the defendant has not drawn the court's attention to any arithmetical, technical, or other clear error, has not adhered to the time frames prescribed by Rule 35, and has not drawn the court's attention to any clerical error that may be corrected under Rule 36. The motion is DENIED.

Because defendant's post-sentence filings have repeatedly sought essentially the same relief, any future motions seeking the same relief brought in the future will be disregarded.

IT IS SO ORDERED.

DATED: February 6, 2015.

_____
UNITED STATES DISTRICT JUDGE