UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE SERRANO-VILLALOBOS,<br><br>Defendant. | No. 2:10-cr-0055 KJM<br><br><br>ORDER |

Defendant Jose Serrano-Villalobos, proceeding pro se[1], has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2), ECF No. 199.[2] Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States,* 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

By minute order filed August 25, 2015, the government was ordered to file a response to the motion within sixty days. ECF No. 201. The government did not file a timely

---

[1] On July 30, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent defendant on the instant motion. *See* ECF No. 200.

[2] On May 29, 2014, defendant filed a motion to reduce his sentence on the same ground, ECF No. 163. The motion was denied without prejudice by order filed July 24, 2014, ECF No. 171.

1

response to the motion, nor did it seek an extension of time to do so.  Instead, the government filed a response on March 8, 2016, ECF No. 203, approximately five months after the deadline set by the court's minute order. The government offers no explanation in its brief for the delay in responding.  Although the court looks with disfavor on this unexplained delay, it has nonetheless considered the government's response.  After consideration of the moving papers, the relevant parts of the record, and applicable legal principles, the court hereby denies defendant's motion.

On August 22, 2012, defendant pleaded guilty to charges of conspiracy to distribute and to possess with intent to distribute methamphetamine and marijuana and conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and distribution of methamphetamine, possession with intent to distribute methamphetamine, and possession with intent to distribute marijuana, all in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *See* ECF No. 18, 82.  On December 5, 2012, defendant was sentenced to 120 months in prison on each of four of the counts and 60 months on one of the counts, to be served partially concurrently for a total term of 150 months in prison.  ECF No. 97.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582.  In relevant part, § 3582(c)(2) provides:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827).  This is done "by 'determin[ing] the amended guideline range that would have been applicable to the defendant had

the relevant amendment been in effect at the time of the initial sentencing.'" *Dunn*, 728 F.3d at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827) (internal quotation marks omitted).  Generally, § 1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range. *Id.* However, U.S.S.G. § 1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[3]

Here, defendant's commitment offense involved at least 4,239.4 grams of methamphetamine (actual).  PSR ¶ 23.[4]  For sentencing purposes, this quantity of methamphetamine converted to a total of 84,788 kilograms of marijuana.  PSR ¶ 24.  The PSR represents that defendant's commitment offense involved a total drug quantity of 87,180.456 kilograms of marijuana, including the methamphetamine.  *Id*.  At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 38 for that quantity of drugs.  *Id*. at 25; U.S.S.G. § 2D1.1(c)(1)(2011).[5]  Defendant received a two-level increase for possession of a firearm, a two level reduction for acceptance of responsibility, and a one level reduction in anticipation of a motion by the government for timely notification of an intent to plead guilty, making his total offense level 37.  PSR ¶¶ 26, 30-32.  His criminal history category was I, PSR ¶ 36, making his sentencing guideline range 210 to 262 months in prison.  PSR ¶ 54.  The probation officer found that a sentence of 180 months might "be appropriate to avoid unwarranted sentence disparities among similarly situated defendants in other cases" and that

---

[3] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[4] A copy of the September 28, 2012 Presentence Investigation Report (PSR) prepared for defendant's sentencing is filed under seal concurrently with this order.

[5] The 2011 Guidelines Manual was used in the preparation of defendant's PSR.  PSR ¶ 22.

3

"this would require the Court to downward depart 2 levels from the advisory guidelines." PSR ¶ 67. The court sentenced defendant to 150 months in prison, departing downward for reasons set forth in the Statement of Reasons (SOR), namely:

> The court adopts the narrative discussion of 3553 factors as set forth in the presentence investigation report, and gives special weight to the probation officer's indication that a sentence of 180 months total avoids unwarranted disparities. The downward variance to 150 months further ensures no unwarranted disparities in light of the facts demonstrating this defendant's strong history of lawful work and negligible criminal history and slightly lessor culpability when compared to his co-defendant, Gonzalo Serrano-Villalobos (2:10CR00055-02).

*See* SOR at 3 (filed under seal concurrently with this order).

Amendment 782 lowered the base offense level for the quantity of drugs involved in defendant's offense to 36. U.S.S.G. § 2D1.1(c)(2) (2014). The net result of this base offense level is that defendant's total offense level would now be 35 which, combined with a criminal history category of I, would result in a sentencing guideline range of 168 to 210 months in prison. U.S.S.G. Sentencing Table (2014). As noted above, defendant was sentenced to 150 months in prison. The court's decision at the time of sentencing to depart downward from the bottom of the guideline range was not due to a motion by the government. *See* SOR at 3. Thus, Amendment 782 does not authorize a reduction in defendant's sentence. *See* U.S.S.G. 1B1.10.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Jose Serrano-Villalobos' motion to reduce sentence, ECF No. 199, is denied; and

2. The Clerk of the Court is directed to file under seal the September 28, 2012 Presentence Investigation Report for defendant and the court's Statement of Reasons.

DATED: May 20, 2016

_____
UNITED STATES DISTRICT JUDGE