UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOSE SERRANO-VILLALOBOS,<br><br>Defendant/Petitioner. | No. 2:10-cr-00055-KJM<br><br>ORDER |

On August 22, 2012, defendant-petitioner Jose Serrano-Villalobos pled guilty without the benefit of a plea agreement to five charges: Count 1 (conspiracy to distribute and to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1)); Count 2 (distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)); Count 4 (possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1)); Count 5 (possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1)); and Count 6 (conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1)). ECF Nos. 18, 82.

The court held a sentencing hearing on December 5, 2012. ECF No. 97 (minutes). After applying a two-level increase for firearm possession under the sentencing guidelines, the court sentenced petitioner to 150 months in prison. *Id.*; *see also* ECF No. 205 at 3 (explaining

1

sentence in order denying motion for reduction of sentence: "Defendant received a two-level increase for possession of a firearm.").

Petitioner now moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, contending the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), rendered the two-level enhancement unconstitutional. Mot., ECF No. 207. For reasons explained below, the motion is DENIED.

I. <u>DISCUSSION</u>

*Johnson* held the residual clause of the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e)(1), which subjected individuals to a minimum 15 year sentence for three or more prior convictions for a "violent felony," was unconstitutionally vague and violated due process. *See Johnson*, 135 S. Ct. at 2557–60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." *See id*. The Supreme Court has made *Johnson* retroactively applicable. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016).

Here, the court applied the two-level enhancement under the United States Sentencing Guidelines, and not the ACCA. *See* ECF No. 205 at 3 (applying U.S.S.G. § 2D1.1(b)(1)). Although the Ninth Circuit has not resolved the question, district courts have agreed *Johnson* does not affect the two-level enhancement for the offense characteristic of possessing a firearm provided for by U.S.S.G. § 2D1.1(b)(1). *See Barajas v. United States*, No. 13–0026, 2016 WL 4721481, at *2 (E.D. Cal. Sept. 8, 2016) (rejecting claim that *Johnson* invalidates a two-level enhancement under Guideline § 2D1.1(b)(1) for possession of a firearm)*; Rubino-Zamora v. United States*, No. 11-223, 2016 WL 4505750, at *2 (N.D. Tex. Aug. 29, 2016) (same; reviewing cases); *United States v. Johnson*, No. 15–006, 2016 U.S. Dist. LEXIS 64137, *7–8 (D. Mont. May 16, 2016) (finding *Johnson* had nothing to do with the case when, *inter alia*, Guidelines § 2D1.1(b)(1) was applied in calculating a sentence).

Moreover, U.S.S.G. § 2D1.1(b)(1) does not contain a residual clause that raises questions about unconstitutional vagueness; instead, the guidelines provision clearly lays out an offense characteristic that triggers eligibility for the two-level enhancement for possessing a

dangerous weapon, in the context of calculating the guidelines range for offenses involving drugs as applicable here. *See* U.S.S.G. § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). Here, the facts do not warrant relief; petitioner pled guilty to drug-related charges, he agreed with the factual information contained in his presentence report, and his sentence was increased due to his undisputed possession of a firearm in execution of the conduct underlying the drug-related charges to which he pled. *See* ECF Nos. 99 (sentencing memo), 97 & 206 at 8, 10-1, 12-13 (sealed presentence investigation report).

There are no grounds to reduce petitioner's sentence here.

## II. CONCLUSION

For the foregoing reasons, petitioner's motion is DENIED.

This order resolves ECF No. 207.

IT IS SO ORDERED.

DATED: August 22, 2017.

_____
UNITED STATES DISTRICT JUDGE

3