# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-00055 KJM |
| Plaintiff, | |
| v. | ORDER |
| JOSE SERRANO-VILLALOBOS, | |
| Defendant. | |

Defendant Jose Serrano-Villalobos, proceeding *pro se*, moves for the second time to reduce his 150-month prison sentence under 18 U.S.C. § 3582(c)(2). Mot., ECF No. 215. He relies on Amendment 782 to U.S.S.G. § 1B1.10. The government opposes. Opp'n, ECF No. 217. As explained in the court's prior order, ECF No. 205, dismissing defendant's first motion to reduce his sentence based on the same amendment, ECF No. 199, Amendment 782 does not authorize a reduction of defendant's sentence. The court DENIES defendant's second motion.

I. <u>DISCUSSION</u>

The court sentenced defendant on December 5, 2012, to 150 months in prison. Sentencing Mins., ECF No. 97. This sentence was based on his guilty plea to five counts of distribution of methamphetamine, possession with intent to distribute methamphetamine, possession with intent to distribute marijuana and conspiracy to do the same, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See id*; Indictment, ECF No. 18 (Counts 1, 2, 4, 5 and 6); Plea H'rg

| | |
|---|---|
| 1 | Mins., ECF No. 82.  He received 120 months on each of four counts, and a single 60-month term |
| 2 | on one count, all to be served partially concurrent for a total term of 150 months in prison. |
| 3 | Sentencing Mins. |

In July 2015, defendant filed his first motion to reduce his sentence, also based on Amendment 782, arguing his sentence exceeds his Guidelines range as modified by the Amendment.  ECF No. 199.  This court disagreed, as his amended Guidelines range is 168 to 210 months, and his 150-month sentence falls below that range.  May 20, 2016 Order, ECF No. 205, at 3.  The court therefore held "Amendment 782 does not authorize a reduction in defendant's sentence." *Id.* at 4 (citing U.S.S.G. 1B1.10).

Defendant moves again for a sentence reduction based on the same amendment, while also noting that he has been rehabilitated and is a new person since his last motion.  As was thoroughly explained in this court's prior order, Amendment 782 authorizes no such reduction.  Defendant's second motion for a sentence reduction is therefore DENIED.  To the extent defendant intends to move for reconsideration of the May 2016 order, that request is likewise DENIED, as defendant raises no new law, facts or argument to warrant reconsideration.  *See* E.D. Cal. L.R. 430.1(i)(3) (requiring motion for reconsideration in criminal cases to set forth "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion.").

II. <u>CONCLUSION</u>

As explained in the court's prior order, ECF No. 205, Amendment 782 does not authorize reducing defendant's sentence.  Accordingly, the court DENIES defendant's motion.  No further motions to reduce defendant's sentence based on Amendment 782 will be entertained.

IT IS SO ORDERED.

This resolves ECF No. 215.

DATED:  April 18, 2018.

_____
UNITED STATES DISTRICT JUDGE